Houck, J.
The error complained of in this case is to the sustaining of a general demurrer to the petition of the plaintiff below, Marie Placide Bellomo Musselli.
The following are the material allegations of the petition:
That plaintiff is the lawful widow of one Raphael Musselli, who on or about the first day of December, 1913, received an injury, while in the course of employment with the Delaware Blue Limestone Quarry, from which injury he died; that the wages earned by the decedent at the time of the injury were three dollars per day, and that application was made by the plaintiff for compensation to the Industrial Commission of Ohio; that plaintiff’s *408 application for compensation was disallowed by the said commission for the reason that the plaintiff herein was not a dependent of the deceased at the time of the injury causing his death; that the decedent came to the- United States of America about the year 1901, leaving plaintiff and a child in Italy; that after the decedent’s arrival in America correspondence was continued with the plaintiff from time to time, and that the decedent sent plaintiff money at various times; and that two attempts were made by the decedent and plaintiff to have plaintiff come to the. United States of America, but said plaintiff was refused the right of immigration, the last attempt being made in 1908.
The petition further alleges that the last money received by plaintiff from her husband was in January, 1909; that shortly after this time Raphael Musselli married a woman, in the state of West Virginia, with whom he lived for about one year and a half, after which time he left the woman he had married in West Virginia and came to Piqua, Ohio, later locating in Delaware, Ohio; that the decedent often spoke affectionately of his family in Italy, and that he had given some money to a friend, which was placed in a letter, addressed to plaintiff, and mailed in New York City, the reason given for this peculiar action being that the decedent did not desire to have it known where he was located; that the decedent while in this country had never made application to become a citizen of the United States, and that he always expected and looked forward to returning to the kingdom of Italy; that plaintiff is extremely poor, and that since the death of the decedent she has not remar *409 ried, and that she is dependent for her livelihood upon labor in the fields, when such employment can be obtained.
The petition further alleges that the plaintiff is the lawful wife of the decedent, and dependent upon him within the meaning of the workmen’s compensation law, and asks the court to determine her rights under said law, and for the compensation to which she is entitled under the provisions of said law.
The rights of the parties hereto must be determined from the proper construction to be placed upon Section 35 of the workmen’s compensation act of 1913, as found in 103 Ohio Laws, page 72, being the law in force at the time the alleged cause of action arose. The statute reads as follows:
“In case the injury causes death within the period of two years, the benefits shall be in the amounts and to the persons following:
“1. If there be no dependents, the disbursements from the state insurance fund shall be limited to the expenses provided for in section forty-two hereof.
“2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent, of the average weekly wages, and to continue for the remainder of the period between the date of the death, and six years after the date of the injury, and not to amount to more than a maximum of thirty-seven hundred and fifty dollars, nor less than a minimum of one thousand five hundred dollars.
“3. If there are partly dependent persons at the time of the death, the payment shall be sixty-six *410 and two-thirds per cent, of the average weekly-wages, and to continue for all of such portion of the period of six years after the date of the injury, as the board in each case may determine, and not to amount to more than a maximum of thirty-seven hundred and fifty dollars.
“4. The following persons shall be presumed to be wholly dependent for support upon a deceased employe:
“(A) A wife upon a husband with whom she lives at the time of his death.
“(B) A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.
“In all other cases question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe; but no person shall be considered as dependent unless a member of the family of the deceased employe, or bears to him the relation of husband or widow, lineal descendant, ancestor or brother or sister. The word 'child’ as used in this act, shall include a posthumous child, and a child legally adopted prior to the injmy.”
It is contended by counsel who filed the demurrer that under the allegations of the petition and a proper construction of the word “dependent,” as found in the statute under consideration, the plaintiff is not entitled to compensation, because at the time of the injury and death of the decedent, who was the husband of plaintiff, they were not living *411 together, actually or constructively, and that the husband must have contributed to the support of his wife at or near the time of his death in order in law to make plaintiff a dependent and entitled to participate beneficially under the workmen’s compensation act.
Let us first inquire what is meant by “dependent,” as the word is used in this statute. The commonly accepted meaning of the word is, one who looks to another for support, help or favor.
The crux of the case seems to center in the word “dependent,” as used in the statute heretofore referred to. A wife is a natural dependent — a fact that is universally conceded — and the dependency of the wife on the husband is continuous while the marital relation exists, unless by some act of herself or by operation of law such dependence ceases.
Then let us inquire whether or not the claim of defendant’s counsel is sound, that because the wife was several thousand miles away from her husband she is not entitled to benefits under the statute, although she had made two attempts to cross the Atlantic ocean, leaving her home in Italy to come to America and join her husband, but for some reason not being permitted to do so, and although her husband had sent her money from time to time, and as a matter of fact and law she was his wife at the time of his death. In the face of these facts we can not agree with the claim of counsel for defendant.
Learned counsel for defendant in their brief say:
“In March, 1912, after living with wife number two in the state of West Virginia for about three years and three months Musselli left her and came *412 to the state of Ohio. He had contributed nothing to the support of his wife and child in Italy since the month of January, 1909, and nothing toward the support of his West Virginia wife and child since March, 1912.
“The question involved in this case, and the question which was submitted before the Industrial Commission of Ohio, is whether or not the wife and child residing in the kingdom of Italy, at the time of the death of Raphael Musselli, the husband and father, are dependents of said decedent under the Ohio Workmen’s Compensation • Law, and whether they were dependent upon said decedent for their support at the time of the injury which caused his death. * * *
“The facts in this case clearly indicate that there was neither, a voluntary or mutual agreement to live separate and apart, but that there was an abandonment of the marital relations, both legal and moral, by the husband of this plaintiff, and that there existed no reasonable expectations that the relation of husband and wife would ever be resumed, and that under no circumstances under the facts in this case could the plaintiff and the decedent be considered to be either actually or constructively living together. We think that the fact that the decedent had contracted a bigamous marriage is conclusive proof of abandonment of the wife and child living in Italy.”
We are unable to subscribe to this doctrine and .do not believe it to be sound from a legal standpoint, and it most certainly has no foundation upon which to stand from a moral point of view.
*413 It must be conceded that the provisions. of the law under review are wise and humane, and that they were enacted for the purpose of furnishing the means of support for the widows, children and dependents of employes who might lose their lives while engaged in some labor or work in an endeavor to obtain the means of support for those near and dear to them. This law is for the benefit of the dependents of employes, and in view of this fact how can it be claimed with any force that the surviving widow in the present case should be barred of her rights under the law because her husband contracted a bigamous marriage, or because for a period of time he failed and neglected to send her money? What act has she done or failed to do that should prevent her from receiving the benefits of this law? Are the wrongful, unkind, unfaithful acts and misconduct on the part of her husband to be charged against the dutiful wife and mother, thereby preventing her from reaping the benefits of the statute that was specially enacted to take care of just such unfortunate persons? Certainly not.
We. find no allegation in the petition that could be construed as an admission on the part of the plaintiff that she knew of any misconduct of her husband.
Courts have no function of legislation, but simply seek to ascertain the will of the legislature in its enactment of a law and to give the language used that plain meaning which the words and sentences upon their face imply.
If we are to determine the intent of the legislature in its enactment of the workmen’s compensa *414 tion law by the rule herein laid down, and apply the law as thus interpreted to ascertain whether or not the petition in this case is sufficient in law, we must and do say that it is.
Having so found, the judgment of the common pleas court is reversed, and this cause is remanded to that court with instructions to overrule the demurrer to the petition.

Judgment reversed.

Powell and Shields, JJ., concur.