## PARTIAL DEPENDENCY UNDER THE WORKMAN'S COMPENSATION LAW.

Common Pleas Court of Hamilton County.

DAISY HILL, NEXT FRIEND OF STANLEY KELLEY, A MINOR, ETC., V. THOMAS J. DUFFY ET AL, ETC.

Decided, January Term, 1921.

*Workmens' Compensation—Delinquent Father Killed in the Course of His Employment—Dependency of Minor Children Where They Received no Support from Him—Partial Dependency Established.*

A boy thirteen years of age, who received little or no aid from father and was supported in part through his own efforts and in part by his divorced mother, is entitled upon the death of the father by accident during the course of his employment, subsequent to the remarriage of the mother and leaving no other child under sixteen years of age, to receive two-thirds of the father's avera- · weekly wage from the date of the father's death until the said child arrives at the age of sixteen.

*George S. Hawke, Fulford, Shook & Wilby,* for plaintiff.

*Louis H. Capelle,* Prosecuting Attorney, *A. H. Leeker,* Assistant Prosecuting Attorney, for defendant.

DARBY, J.

This is an appeal from the decision of the Industrial Commission refusing an allowance to the claimants, Stanley Kelley and Leslie Kelley, for compensation as dependents of Edward Kelley, who was killed October 8, 1917, while working for the Foundation Company, which was a contributor to the state insurance fund.

It is conceded that Kelley was killed in the course of employment, and the only question in the case is as to whether or not the claimants were dependent in whole or in part upon said Kelley at the time of his death.

He was their father; the mother had been divorced from him and had been awarded the custody of said children. Four days before Kelley's death, his former wife, the mother of the claimants, remarried, and at the time of his death Leslie, the youngest child, was actually living in the home of his mother and stepfather.

The claim of Stanley, the older of the two boys, may be briefly disposed of. At the time of his father's death he was eighteen years of age, was and had been self-sustaining, and at that time was in the American Expeditionary Force in France. Quite clearly Stanley was not a dependent of his father at the time of the latter's death, and is not entitled to an award.

The question as to whether or not on the facts stated Leslie is entitled to an award is not without considerable difficulty. At the time his father died he was thirteen years and eleven months of age; he went to school until he was sixteen years of age, and has since become self-supporting. After the separation between Leslie's parents, the evidence is that his father, of age, and has since become self-supporting. After the sepathe deceased, did not support him or contribute in any way to his support, except that he provided part of his clothing, and on one occasion gave him a pair of shoes. The boy worked on the farm during his hours out of school, for which he was paid nothing; his mother worked in a factory, and also received help from another son who was in the United States Navy; the evidence justifies the conclusion that the mother and her family were people of very moderate circumstances, though she received from her mother's estate some money at the time of her death in 1915.

The section of the code which must solve this question, is 1465-82:

"In case the injury causes death with the period of two years, the benefits shall be in the amounts and to the persons following:

"1. If there be no dependents, the disbursements from the state insurance fund shall be limited to the expenses provided for in section forty-two hereof (G. C., Section 1465-89).

"2.   If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent. of the average weekly wages, and to continue for the remainder of the period between the date of the death, and six years after the date of the injury, and not to amount to more than a maximum of thirty-seven hundred and fifty dollars, nor less than a minimum of one thousand five hundred dollars.

"3.   If there are partly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent. of the average weekly wages, and to continue for all such portion of the period of six years after the date of the injury, as the board in each case may determine, and not to amount to more than a maximum of thirty-seven hundred and fifty dollars.

"4.   The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(A)   A wife upon a husband with whom she lives at the time of his death.

"(B)   A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal decendant, ancestor, or brother or sister.   The word 'child' as used in this act (G. C. Secs. 1465-41a to 1465-43, 1465, 1465-46, 1465-53 to 1465-106), shall include a posthumous child, and a child legally adopted prior to the injury."

Particular attention must be given to the latter part of the section.

The claimant, Leslie, is not within the class of those presumed to be "wholly dependent for support" upon the deceased, for the reason that he was not living with his father at the time of the death.

The section contains the following language:

"In all other cases, question of dependency, in whole or in part, shall be determined in accordance with the facts in each

particular case existing at the time of the injury resulting in the death of such employee.''

This is·one of the ''other cases,'' for not only was the child not living with his father, but the father was not contributing to his support at the time of the death, and had not been so doing for years theretofore.   It was suggested in argument that this case must be determined according to the fact of dependency, or not, at the time of the death.   If this be true, clearly there is no claim for an award, because in fact Leslie was not dependent in the sense that he received any support, or had reason to expect any from his father.   There is no question but that the father was under legal obligation to support this boy until he arrived at sixteen years of age; but it seems that the question of legal obligation to support can not alone solve this question.

Much reliance is placed in the case of *Musselli* v. *Industrial Commission of Ohio,* 28 O. C. A., 97; the syllabus in that case is as follows:

''The fact that one killed in the course of his employment had contracted a bigamous marriage does not bar his legal wife living in Italy from receiving benefits under the Ohio workmen's compensation act, where there is no evidence that she had been other than a faithful wife.''

The facts in that case were that the deceased left his wife and child in Italy and came to this country in'the year 1901; that correspondence was continued with the wife from time to time, and that the decedent sent her money at various times, the last about January of 1909; that the wife made two attempts to come to this country, but was refused the right of immigration, the last time being in 1908; that after the sending of the last money referred to, decedent married another woman and came to live in Ohio; that he spoke affectionately of his family in Italy, and intended at some time to return to his native country; that the husband was killed on or abou December 1, 1913, while in the course of his employment by a company which was a contributor to the Ohio Insurance Fund; that the wife of plaintiff in this case was extremely poor, that she was dependent for her liveli hood on labor in the fields, and that she had not remarried after

the death of her husband. Her petition for allowance of compensation by the Industrial Commission was denied, she filed her petition on appeal, to which a demurrer was filed and sustained. The case was therefore in the Court of Appeals on error. In discussing the law applicable to the case, the court say on page 100:

"Let us first inquire what is meant by 'dependent,' as the word is used in this statute. The commonly accepted meaning of the word is, one who looks to another for support, help or favor.

"The crux of the case seems to center in the word 'dependent.' as used in the statute heretofore referred to. A wife is a natural dependent—a fact that is unversally conceded—and the dependency of the wife on the husband is continuous while the marital relation exists, unless by some act of herself or by operation of law such dependency ceases."

On page 101, the court say:

"It must be conceded that the provisions of the law under review are wise and humane, and were enacted for the purpose of furnishing the means of support for the widows, children and dependents of employees who might lose their lives while engaged in some labor or work in an endeavor to obtain the means of support for those near and dear to them. This law is for the benefit of the dependents of employees, and in view of this fact how can it be claimed with any force that the surviving widow in the present case should be barred of her rights under the law because her husband contracted a bigamous marriage, *or because for a period of time he failed and neglected to send her money?* What act has she done or failed to do that should prevent her from receiving the benefits of this law Are the wrongful, unkind, unfaithful acts and misconduct on the part of her husband to be charged against the dutiful wife and mother, thereby preventing her from reaping the benefits of the statute that was specifically enacted to take care of just such unfortunate persons? Certainly not."

In the case last referred to, the judgment of the court of common pleas in sustaining the demurrer to the petition, was reversed, and the cause remanded to that court with instructions to overrule the demurrer to the petition.

In that case the wife lived in Italy and had received no support whatsoever from January, 1909, and during the rest of her husband's life, which terminated December 1, 1913, a period of almost five years. There was no more obligation on the part of the husband in that case to support his wife than the part of the husband in that case to support his wife that child. If the Musselli case is correctly decided, it would seem to be decisive of the case at bar; the same reasoning would sustain the award in this case as sustained the award in that case. In this case there was the helplessness of childhood, hard labor on a farm, and inadequate education; and if it be that this law was passed for the benefit of those who are entitled to the support of employees killed in the course of their employment, it would seem that an award should be made in favor of this child.

Upon the authority and reasoning of the Musselli case, it 's the opinion of the court that Leslie Kelley is entitled to an award as a dependent of Edward Kelley, but not as one wholly dependent upon him. The statute providing for partly dependent persons at the time of death, authorizes the payment of "sixty-six and two-thirds per cent. of the average weekly wages, and to continue for all or such portion of the period of six years after the date of the injury, as the board in each case may determine, and not to amount to more than a maximum of thirty-seven hundred and fifty dollars."

According to the evidence Leslie Kelley was thirteen years and eleven months of age at the time of his father's death, and has been self-supporting since he arrived at the age of sixteen, at which time he left school.

It is therefore the order of the court that the claim of Stanley Kelley be disallowed, and that the claim of Leslie Kelley be allowed at the rate of sixty-six and two-thirds per cent. of the average weekly wage of the deceased, from the time of his death until the arrival of said Leslie Kelley at the age of sixteen years.