EVANS, ADMINISTRATOR, v. INDUSTRIAL COMMISSION
OF OHIO.

*Husband and wife—Presumption of married status—Workmen's compensation—Wife dependent although separated from husband—Industrial Commission—Power to revoke erroneous awards.*

1. Where it is proven that parties have been lawfully married, and both are living, such marriage relation, in the absence of proof to the contrary, is presumed to continue. Such presumption will prevail as against the presumption of the regularity of a subsequent marriage to a third person by one of such parties.

2. Under the Workmen's Compensation Act a lawful wife is a dependent, although she and her husband have lived separate and apart and the husband has not actually contributed for some years to her support, there being no separation contract or other form of release of the wife's right to support from the husband.

3. When the Industrial Commission makes an allowance under a mistake of fact in favor of a woman who is not the lawful wife of the employe, and not entitled to such an allowance, the allowance or award so made by the Industrial Commission may be revoked and another allowance made in favor of the legal wife of the injured employe.

(Decided March 10, 1921.)

ERROR: Court of Appeals for Franklin county.

*Mr. F. M. McCartney,* for plaintiff in error.

*Mr. John G. Price,* attorney general, and *Mr. R. R. Zurmehly,* for defendant in error.

*Messrs. Pugh & Pugh; Messrs. Carlin & Nixon* and *Mr. Franklin Rubrecht,* for executrix of Sarah E. Plumsteel.

KUNKLE, J. This case involves a construction of the Workmen's Compensation Act. It appears that Hiram J. Plumsteel was killed September 28, 1917, while in the course of his employment at the F. O. Schoedinger plant in this city, and that an allowance was made by the Industrial Commission in favor of Maggie Plumsteel, as the lawful wife and dependent of the decedent, which allowance was subsequently revoked by the Industrial Commission and the claim of Maggie Plumsteel disallowed.

In the meantime Sarah E. Plumsteel of Tonawanda, N. Y., filed a claim with the Industrial Commission in which she claimed to be the wife and sole dependent of said Hiram J. Plumsteel.

The claim of Sarah E. Plumsteel was also disallowed by the Industrial Commission, and both claimants appealed from the decision of the Industrial Commission to the Court of Common Pleas. The Court of Common Pleas found in favor of the Industrial Commission and both claimants prosecute error to this court from the judgment of the Court of Common Pleas.

In brief, it appears from the record that the decedent, Hiram J. Plumsteel, was married to the claimant, Sarah E. Plumsteel, in Canada, in 1875; that they resided together for many years and raised a family; that in 1903 or 1904 he left his wife, Sarah E. Plumsteel, in the city of Niagara Falls, New York; and that later, namely, in 1915, the said Hiram J. Plumsteel was married to the claimant, Maggie Plumsteel, in Columbus, Ohio, where he and the above-named Maggie Plumsteel subsequently resided. Both claimants survived Hiram J. Plumsteel, but, during the progress of

this proceeding, both of the claimants died, and the cases have been revived in the name of their respective personal representatives.

There is no evidence tending to prove that Hiram J. Plumsteel was ever divorced from Sarah E. Plumsteel, nor does it appear from the evidence that Sarah E. Plumsteel was unfaithful, or that there were any articles of separation, or other arrangement whereby said Hiram J. Plumsteel was relieved from the support of his wife, Sarah E. Plumsteel.

Counsel have favored the court with unusually exhaustive and helpful briefs, in which the leading authorities relating to the questions in issue are discussed. We have considered these authorities, but shall not undertake an exhaustive review or discussion of them.

It is claimed on behalf of Maggie Plumsteel that a presumption exists in favor of a divorce between Hiram J. Plumsteel and Sarah E. Plumsteel, and that such presumption supports the legality of the marriage between Hiram J. Plumsteel and Maggie Plumsteel, and some authorities are cited which tend to support this presumption.

We think, however, the rule in Ohio is settled to the contrary.

In the case of *Evans* v. *Reynolds,* 32 Ohio St., page 163, the second paragraph of the syllabus is:

"A marriage, solemnized in due form, is presumed to be lawful until some enactment which annuls it is produced and proved by those who deny its validity."

In the case of *Whalen* v. *State,* 12 C. C., 584, the first paragraph of the syllabus reads:

"In a prosecution for bigamy, the state having

proven the first marriage and produced the first wife in person, or accounted for her existence, the presumption is that the status once established by law continues, and the state is not bound to prove that there was no divorce.''

That was a criminal case, where the presumption of innocence is stronger than it is in a civil case. From a consideration of all the authorities we have reached the conclusion that the marriage of Hiram J. Plumsteel to Maggie Plumsteel was bigamous. We are also of opinion that such bigamous marriage under the circumstances of this case will not support the claim of dependency of Maggie Plumsteel. We are also of opinion that it was within the jurisdiction and power of the Industrial Commission, upon discovering the real facts, to revoke and annul its former order making an allowance in favor of Maggie Plumsteel. The Court of Common Pleas, therefore, properly disallowed the claim of Maggie Plumsteel.

This leaves for consideration the claim of Sarah E. Plumsteel. Sarah E. Plumsteel was the lawful wife of Hiram J. Plumsteel at the time of his death, but it is conceded that she and her husband were not actually living together at the time, so the principal question for consideration in regard to her claim relates to whether she was or was not a dependent at the time of the death of Hiram J. Plumsteel.

The statutory definition of dependency (Section 1465-82, General Code) reads as follows:

"4. The following persons shall be presumed to be wholly dependent for support upon a deceased employe:

"(A) A wife upon a husband with whom she lives at the time of his death.

"(B) A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent. * * *

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe, but no person shall be considered as dependent unless a member of the family of the deceased employe, or bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister. The word 'child' as used in this act shall include a posthumous child, and a child legally adopted prior to the injury."

In the case of *Roma* v. *Industrial Commission,* 97 Ohio St., 247, Chief Justice Nichols, in rendering the decision for the court, states at pages 250:

"A strict application of this rule would undoubtedly defeat the right of the plaintiff in error to recover, but in view of the peculiar circumstances which the record discloses, and the feeling which abides within this court that the remedies provided in the Workmen's Compensation Act for the benefit of injured parties should be construed and interpreted with the utmost liberality, we are constrained to hold that the appeal was filed in time."

It clearly appears from this decision that our Supreme Court is of opinion that the Workmen's Compensation Act should be construed with the utmost liberality in favor of the remedies provided in such act. Without further citing authorities as to this branch of the case, but applying the rule as above announced to the facts disclosed by the record, we are of opinion that Sarah E.

Plumsteel was a dependent of Hiram J. Plumsteel at the time of his death, within the meaning of the Workmen's Compensation Act.

The fact that Sarah E. Plumsteel was not actually living with Hiram J. Plumsteel at the time of his death does not in and of itself bar her claim. The question of fact still remains whether, under all the circumstances, she was really dependent; and, while her claim is not entirely free from doubt, yet under all the facts and circumstances disclosed by the record we are of opinion that she had a lawful claim upon Hiram J. Plumsteel for support and that such claim was not affected by the fact that Hiram J. Plumsteel failed in his duty to support her and resorted to a bigamous marriage with Maggie Plumsteel.

We approve the reasoning and conclusion of the Court of Appeals in the case of *Musselli* v. *Industrial Commission of Ohio,* 8 Ohio App., 407.

We are, therefore, of opinion that the judgment of the Court of Common Pleas as to the claim of Sarah E. Plumsteel was contrary to the evidence, and also contrary to law.

The judgment of the Court of Common Pleas disallowing the claim of Maggie Plumsteel will be affirmed. The judgment of such court disallowing the claim of Sarah E. Plumsteel will be reversed and the cause remanded for further proceedings upon the claim of Sarah E. Plumsteel, unless counsel can agree as to the amount of recovery in favor of the estate of Sarah E. Plumsteel, in which event this court will render final judgment.

*Judgment accordingly.*

FERNEDING and ALLREAD, JJ., concur.